IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Maria Celeste Alvarez, § § § *Plaintiff,* § § § v. § § State Farm Mutual Automobile § Insurance Company, § § § *Defendant.* § | Civil Action No. 4:24-cv-00406 |

## ORDER ON MOTION TO COMPEL

Plaintiff Maria Celeste Alvarez has filed a motion to compel a deposition of Defendant State Farm Mutual Automobile Insurance Company's corporate representative under Fed. R. Civ. P. 30(b)(6). Dkt. 17. Alvarez maintains that the topics in her proposed Rule 30(b)(6) deposition notice are proper to address the disputed liability and damages issues in this case. *See* Dkt. 17 at 2-3.

State Farm disputes both the appropriateness of the proposed deposition topics and, most broadly, cross-moves for a protective order that would preclude the Rule 30(b)(6) deposition entirely. *See* Dkt. 19. Among other things, State Farm asserts that it lacks "personal knowledge" about the only matters in dispute, namely the amount of Alvarez's recoverable damages, and whether the quantum of those damages is sufficient to trigger coverage under

her State Farm policy. *See id.* at 10, 12-13. State Farm insinuates, but has not stipulated, that no other questions are disputed.

In reply, however, Alvarez emphasizes that State Farm has denied liability in its answer and has refused to provide information on that subject through discovery. *See* Dkt. 21 at 2-3. As Alvarez maintains, State Farm's stance entitles Alvarez to depose State Farm's corporate representative on issues that State Farm "itself has placed in dispute." *See id.* at 3.

The Court agrees with Alvarez that State Farm cannot block the Rule 30(b)(6) deposition altogether. Despite citing Texas law decisions, State Farm disregards the Texas Supreme Court's decision that rejected several of its key assertions. *See In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, (Tex. 2021). For instance, *In re USAA* rejects State Farm's position that a corporate representative's lack of "personal knowledge" justifies precluding the deposition. *See id.* at 791. As the Texas Supreme Court explained, an insurer that has "conceded some facts regarding coverage" but "disputes both [the other driver's] liability for the underlying accident and the amount of [the insured's] damages" presumably possesses "information that supports its position on those issues, even if gleaned second-hand." *Id.*

More fundamentally, whatever the scope of discovery might be under Texas law, that question here is governed instead by the Federal Rules of Civil Procedure. Tellingly, nowhere does State Farm cite a single federal case

2

precluding a Rule 30(b)(6) deposition in this context. Lack of personal knowledge is not a basis for quashing a Rule 30(b)(6) deposition, which is designed to glean information "known or reasonably available to the *organization*"—not any single agent or employee. *See* Fed. R. Civ. P. 30(b)(6) (emphasis added); *Turner v. Kan. City So. Ry.*, 2008 WL 4861293, at *1 (E.D. La. Nov. 10, 2008) ("[A] 30(b)(6) deposition should not be quashed on the grounds that the entity lacks personal knowledge."). There is likewise no stay of discovery on issues concerning State Farm's liability for Alvarez's damages—only a stay of her extracontractual claims. *See* Dkt. 7.

Nor has State Farm shown that a 30(b)(6) deposition is disproportionate to the needs of this case. Although State Farm cites its offer of settlement, *see* Dkt. 19 at 8, 13, that does not constitute admissible proof that it has accepted liability for any portion of Alvarez's damages. *See* Fed. R. Evid. 3408 (offers to compromise are not admissible to prove liability). Notwithstanding its assertions that the issues are limited and narrow, State Farm' live pleading has not conceded or has outright denied numerous key facts.

For instance, State Farm has not admitted that the driver whose vehicle collided with Alvarez's was underinsured. *Compare* Dkt. 1-4 at 2 ¶ 8 (including this allegation), *with* Dkt. 2 at 2 ¶ 9 (acknowledging solely that Alvarez was involved in the accident). State Farm also denied, among other things, that (1) Alvarez timely and properly notified State Farm of her claims under that

3

policy; (2) "[a]ll conditions precedent to bringing this suit have been performed and/or have occurred." *See* Dkt. 2 at 3 ¶ 13 (denying these allegations in Dkt. 1-4 at 10 ¶ 12). And State Farm has denied the amount of Alvarez's claimed damages, the other driver's lack of sufficient insurance to cover Alvarez's damages, and State Farm's obligation to cover those damages under the policy. *See* Dkt. 2 at 3 ¶¶ 14, 15 (denying Alvarez's allegations in Dkt. 1-4 at 10 ¶¶ 13, 14(A)-(S)); *see also id.* at 2 ¶ 10 (denying that Alvarez is entitled to payment because the other driver, who was at fault, had insufficient coverage to cover her damages, Dkt. 1-4 at 9 ¶ 9). State Farm has further asserted numerous affirmative defenses, including that Alvarez failed to mitigate her damages. *See id.* at 5-6.

Alvarez is entitled to probe the facts underlying State Farm's positions, as stated in its answer. And it is appropriate for Alavarez to do so via a Rule 30(b)(6) deposition, as State Farm has disputed both its liability and the amount of damages. The fact that State Farm has produced some documents does not make the deposition disproportionate or unjustifiably duplicative. Indeed, such a position would render Rule 30(b)(6) a nullity in most cases.

The remaining question is whether the proposed Rule 30(b)(6) deposition topics exceed the proper bounds of discovery. Whereas a few topics are deficient for various reasons, others are permissible.

Alvarez's first topic is not adequately specific. It globally seeks information about "[t]he factual allegations, claims, and defenses" in this case. *See* Dkt. 17-1 at 5. This topic fails to state with "reasonably particularity" what Alvarez seeks to explore. *See, e.g.*, *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 2017 WL 2831700, at *3 (E.D. La. June 30, 2017) (defendants' proposed topic seeking "[t]he factual basis for the allegations contained in" the plaintiff's complaint "without distinction as to specific allegations" failed to "provide[ ] reasonably particularized notice such that the Plaintiff can meet its obligation to prepare its representative"). This topic is improper.

Topics two through five seek "[f]acts and circumstances regarding" the other driver's uninsured/underinsured status, the cause(s) of the underlying accident, and the damage to the vehicles. *See* Dkt. 17-1 at 5. These topics are appropriate and discoverable because they seek State Farm's understanding of *facts*—not legal conclusions—based on information that State Farm itself has acquired, whether from Alvarez or another source. State Farm's blanket contention that this topic would implicate privileged information or potentially call for legal conclusions provides no basis for foreclosing the subjects. *See, e.g.*, *Continental Cas. Co. v. Rentrop Tugs, Inc.*, 2009 WL 10687548, at *2 (E.D. La. Dec. 2, 2009) (rejecting similar blanket assertion of privilege as basis for challenging a 30(b)(6) topics seeking, on their face, "'facts and circumstances,' not privileged communications or counsel's mental impressions etc. that may

5

constitute work product"). Instead, those objections must be raised in response to specific deposition questions. *See id.* (reaching similar conclusion with respect to assertions of privilege).

Topic six, regarding Alvarez's premiums paid under the policy, *see* Dkt. 17-1 at 5, is irrelevant to any outstanding issue. State Farm has already admitted that the policy was in effect as of the time of the accident. *See* Dkt. 2 at 2 ¶ 10. The Court agrees with State Farm that topic six is improper.

Topic seven encompasses the contents of Alvarez's policy with State Farm and State Farm's defense that conditions precedent have not been met. *See* Dkt. 17-1 at 6. Contrary to State Farm's assertion, this is a proper subject for discovery. Although Alvarez bears the burden of proof to show that she satisfied conditions precedent to coverage, State Farm has denied that she did so. *See* Dkt. 2 at 3 ¶ 13 (denying this allegation in Dkt. 1-4 at 3 ¶ 12); *id.* at 5 ¶ 33. Alvarez is entitled to ascertain the *factual basis* for State Farm's position on that issue.[1] *See, e.g., See Muslow v. Bd. of Supervisors of La. State Univ. & Agricultural & Mechanical College*, 2021 WL 12324129, at *4 (E.D. La. Oct. 8, 2021) (Rule 30(b)(6) deposition can seek the factual basis for a party's position).

---

[1] State Farm's brief invokes the specific condition precedent that requires Alvarez to establish the other driver's fault and her damages before seeking payment from State Farm, Dkt. 19 at 6-7, but its answer does not limit the scope of the "conditions" that State Farm has asserted. *See* Dkt. 2 at 5 ¶ 33 (asserting, under affirmative defenses, "all terms, conditions, deductibles, limitations on coverage, and exclusions").

Any objection that a question asks for a legal conclusion must be targeted at specific question when the representative is deposed.

Topic eight is also appropriate, as it seeks State Farm's valuation of Alvarez's damages. *See* Dkt. 17-1 at 6. As an insurer, State Farm obviously calculates the value of any given claim before determining what amount, if any, to pay under its policies. That is an inherent part of its business. State Farm cannot categorically maintain that claim valuation is protected work product or privileged. Rather, those protections must be raised in response to specific questions, if any implicate privileged information.

Subject to the foregoing limitations, Alvarez is entitled to depose State Farm's Rule 30(b)(6) witness.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Maria Celeste Alvarez's motion to compel a Rule 30(b)(6) deposition of Defendant State Farm Mutual Automobile Insurance Company (Dkt. 17) is **GRANTED IN PART** and **DENIED IN PART**. It is further **ORDERED** that State Farm's cross-motion for protective order (Dkt. 19) is **GRANTED IN PART** with respect to deposition topics one and six but **DENIED IN PART** for the remaining topics.

Signed on March 27, 2025, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge